Per Curiam.

We hold that the Statute of Limitations was not tolled, because the Legislature, by section 1083-b of the Civil Practice Act, limited and prescribed the recovery of unpaid principal indebtedness, for the period of the emergency (which expired on July 1,1947), to the difference between such unpaid indebtedness and the market value of the mortgaged property.
However, summary judgment dismissing the complaint should not have been granted. There should be a full adducement of the facts upon a trial, including the facts with respect to the status of the defendant as a real, bona fide surety, the facts surrounding the failure to remove the specified violations, and the facts with respect to the alleged default in the payment of interest and whether, under the circumstances, the agreement reducing interest to 4% did not relate back to the time of the receipt of the lower rate.
Order denying plaintiff’s motion for summary judgment is affirmed; order granting defendant’s motion for summary judgment dismissing the complaint and the judgment dismissing the complaint are reversed and the motion denied.
Glennon, J. P., Dore, Callahan, Yan Yoorhis and Shientag, JJ., concur.
Order, insofar as it denied plaintiff’s motion for summary judgment, unanimously affirmed; order, insofar as it granted defendant’s motion for summary judgment dismissing the complaint, and the judgment entered thereon dismissing the complaint, unanimously reversed and the motion denied.